IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FREDERICK ANGE, | ) CASE NO. 1:15 CV 2228 |
| Plaintiffs, | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| PARKER HANIFAN CORPORATION, | ) MEMORANDUM OPINION |
| | ) AND ORDER |
| Defendants. | ) |

This matter is before the Court on the Plaintiffs' Motion to Remand (ECF # 6). The motion to remand is opposed by the Defendants (ECF # 8). Having carefully considered the legal and factual issues raised, and for the reasons that follow, the motion to remand is hereby GRANTED.

Federal courts have limited jurisdiction and may only exercise that power prescribed to them by the Constitution or the United States Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of America.*, 511 U.S. 375, 377 (1994). Cases which have originally been filed in state court may be removed to a federal district court pursuant to 28 U.S.C. § 1441(a) only if the district court has original jurisdiction over the matter. Removal is appropriate when a civil action is founded on a claim or right arising under a federal law. 28 U.S.C. § 1441(b); see also, 28

U.S.C. § 1331. Generally the plaintiff is the master of his own complaint and under the "well pleaded complaint" rule, removal under 28 U.S.C. § 1441(b) is appropriate only if a federal question appears on the face of the complaint. *See. e,g., Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99 (1987). Courts strictly construe the removal statutes and all doubts are to be resolved in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109, 61 S. Ct. 868, 872, 85 L.Ed. 1214 (1941), *Keller v. Honeywell Protective Services*, 742 F. Supp. 425, 426 (N. D. Ohio 1990). The Sixth Circuit has stated:

> in the interest of comity and federalism, federal jurisdiction should be exercised only when it is clearly established, and any ambiguity regarding the scope of §1446(b) should be resolved in favor of remand to the state courts.

*Brierly, v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir.1999). Strict construction of the removal statutes is necessary because removal jurisdiction encroaches on a state court's jurisdiction.

Defendants argue that Plaintiff's eighth claim for relief asserts a claim under a federal statute because he alleges that he reported potential violations of the Foreign Corrupt Practices Act. Defendant contends that this allegation creates a claim under the Dodd-Frank Wall Street Reform and Consumer Protection Act, § 922(a), 15 U.S.C. § 78u-6(h)(1), which provides that an employee who alleges termination in retaliation for reporting a covered violation to the appropriate federal agency has a private right of action under the Act. The Complaint, on its face, however, does not assert a claim under the federal statute(s). Count Eight alleges that Plaintiff's termination was in violation of public policy. The public policy at issue is described as a policy against unlawful retaliation for Plaintiff's reporting of alleged potential violations of

state and federal law, including among other things, alleged discrimination, bribery, improper use of company assets, and potential violations of internal policies and at least two federal statutes.

It may be possible that Plaintiff could have brought a claim for retaliation under the Dodd-Frank Act. However, he, for whatever reason, did not do so. Instead, he clearly articulated a claim for wrongful termination in violation of public policy, which is a recognized claim under Ohio law. *See, Greely v. Miami Valley Maintenance Compntractors, Inc.*, 49 Ohio St. 3d 228 (1990). A Plaintiff is allowed to chose his cause of action and a federal claim cannot be inferred into the Complaint simply because the facts therein could potentially support one.

Further, the reference to reported violations of federal law do not create a "substantial" contested federal issue. A case creates a substantial federal issue when "the vindication of a right under state law necessarily turned on some construction of federal law... [or] if the complaint discloses a need for determining the meaning or application of such a law." *Franchise Tax Bd. v. Laborer's Vacation Trust*, 463 U.S. 1 (1983). In this case Plaintiff's state public policy claim does not require any construction or application of federal law. A retaliation claim, such as the one Plaintiff's public policy claim is based on, does not require a finding that the reported behavior was, in fact, a violation of the law. Rather, the issue to be decided is whether Plaintiff reported alleged violations, not whether any actual violations occurred. Thus, the state court will not be taxed with determining the applicability of any federal law.

## CONCLUSION

For the reasons stated above, the Plaintiff's Motion to Remand (ECF # 6) is GRANTED.

This action will be REMANDED to the Court of Common Pleas for Cuyahoga County, Ohio. The Parties shall bear their own costs.

    IT IS SO ORDERED.

                                                        /s/ Donald C. Nugent
                                                        DONALD C. NUGENT
                                                        United States District Judge

DATED: June 28, 2016